## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SURE FILL & SEAL, INC.,**

   **Plaintiff,**

**v.**               **Case No. 8:10-cv-316-T-17TBM**

**THE PLATINUM PACKAGING GROUP,**
**INC., et al.,**

   **Defendants.**

_____/

### REPORT AND RECOMMENDATION

   THIS MATTER is before the court for a report and recommendation on **Defendants' Motion to Dismiss Complaint, or in the alternative, To Transfer Venue to the U.S. District Court, Central District of California** (Doc. 20) and Plaintiff's response in opposition (Doc. 22), as amended (Doc. 25).  A hearing on the motion was conducted August 19, 2010.  Thereafter, Plaintiff filed a **Motion to Voluntarily Dismiss Defendant Justine Lowe** (Doc. 74), which has also been referred.

I.

A.

   The complaint was filed on January 28, 2010.  An Amended Complaint was filed in February 2010.  Defendants filed their motion to dismiss in April 2010.  By their motion, Defendants assert that the court does not have personal jurisdiction over them.  Alternatively, Defendants urge the court to transfer this case to the Central District of California, which is

where the alleged tortious and contractual violations occurred and most of the witnesses and

evidence are located.  In a lengthy Order of June 24, 2010, the district judge determined that

factual disputes related to both the personal jurisdiction and the venue issues dictated that an

evidentiary hearing be conducted.[1]

   After permitting the parties limited discovery related to the jurisdiction and venue

issues, a hearing was conducted August 19, 2010.  At the outset of the hearing, Defendants,

PPG and Nicholas Peter Lowe, waived argument insofar as they had disputed personal

jurisdiction and conceded the matter of personal jurisdiction on this motion.  Defendants

maintained their position that the court was without personal jurisdictional as to Defendant

Justine Lowe.  Although afforded the opportunity to do so, neither party offered testimony at

---

[1]The Order of June 24, 2010, sets out in detail pertinent factual information underlying this dispute and such is not repeated herein.  For purposes of this Report and Recommendation, suffice it to say that the Defendant Lowes are residents of California and the officers and principals in the Platinum Packaging Group, Inc., (PPG), a California corporation, with its principal place of business in Los Angeles, California.  Defendant PPG operates as a manufacturer's representative.  Plaintiff Sure Fill & Seal, Inc., (Sure Fill) is a Florida corporation, with its principal place of business in Pinellas County, Florida.  It designs and manufactures filling and sealing machines for use in the food industry.  In 2005, Sure Fill negotiated with GFF Inc., (GFF), another California company, for the sale of a filling and sealing machine.  In late 2005, PPG, through Mr. Lowe, agreed to represent Sure Fill in its on-going negotiations with GFF.  According to Sure Fill, Defendants' duties included representing Sure Fill as a go-between with GFF to resolve pending issues in exchange for commission payments.  A contract was ultimately consummated between Sure Fill and GFF in February 2006.  Mr. Lowe signed the contract on behalf of Sure Fill.  Sure Fill delivered and installed the machine at GFF in September 2006.  Thereafter disputes developed between Sure Fill and GFF.  Sure Fill ultimately filed suit against GFF in this district court.  The matter was settled for $50,000.  In order to further recoup its fees and expenses arising from that dispute, Sure Fill now sues Defendants alleging breach of contract, breach of fiduciary duty, tortious interference with contractual relationship, and civil conspiracy in connection with the GFF deal.  Plaintiff asserts jurisdiction on the basis of diversity of citizenship and the amount in controversy.

the hearing.  Both sides relied on submissions to support the arguments on jurisdiction and the alternative claim for relief related to venue.  Post-hearing submissions were permitted.[2] Thereafter, on September 16, 2010, Plaintiff filed its Motion to Voluntarily Dismiss Defendant Justine Lowe.  (Doc. 74).

B.

At this point, the personal jurisdictional issue need not be addressed in great detail. Defendants have conceded personal jurisdiction in the case of PPG and Mr. Lowe.  By its Motion to Voluntarily Dismiss Defendant Justine Lowe (Doc. 74), Plaintiff concedes the inevitable finding that the court is without jurisdiction over Ms. Lowe.  Here, Plaintiff has not demonstrated either that Ms. Lowe is within the reach of the Florida long-arm statute or that she has the necessary minimum contacts to satisfy due process considerations under the applicable standard.  Accordingly, I recommend that Plaintiff's Motion to Voluntarily Dismiss Defendant Justine Lowe (Doc. 74) be **GRANTED**.

Regardless of the jurisdictional issue, Defendants argue that the case should be transferred to the Central District of California where all of the significant events, evidence, and witnesses are located, and where the parties are already litigating the same issues in a California state court.  Defendants seek transfer pursuant to 28 U.S.C. §§1404 or 1406.  In contrast, Plaintiff asserts that venue is appropriately in this court where the underlying dispute between itself and GFF was litigated and where many of the witnesses and exhibits necessary to litigate the instant dispute are located.  In particular, Plaintiff cites to a forum-selection

_____

[2]The submissions filed in connection with this dispute are found at document numbers 23, 24, 36, 53, 60, 62, 63, 67, 71, 72, and 73.  These are discussed herein as necessary.

3

clause in the underlying agreement between Sure Fill and GFF that requires that the suit be

brought in this district.  According to Plaintiff, it is equally applicable to the Defendants as

closely related participants to that contract.  By this (poorly) drafted forum-selection clause:

> The agreement shall be governed by the laws of the state of
> Florida and shall be binding upon and injure (sic) the benefit
> of the parties hereto, their successors and assigns. Any legal
> action by either of the parties relating directly or indirectly to
> the agreement, the warranty, the machine or any part thereof
> shall be brought not later than one (1) year from the later of
> delivery of the machine or discovery of any claimed defect
> and shall (sic) brought only in, and for such purpose the
> parties submit to the jurisdiction of, any of (sic) federal court
> of general jurisdiction located in seller's county in Florida.

(Doc. 8-2 at 11).

## II.

On consideration of the arguments made and the matters submitted, I am obliged to

conclude that, by reason of the forum-selection clause, venue properly lies in this district and

Defendant' Motion To Transfer Venue to the U.S. District Court, Central District of

California (Doc. 20) should be **DENIED**.  In short, because I find the forum-selection clause

at issue enforceable and binding on the Defendants and because Defendants fail to

demonstrate otherwise, the case is appropriately litigated in this district despite considerations

of convenience that might otherwise indicate the proper forum is in California.

Defendants' remedy here, if they have one, is under 28 U.S.C. § 1404(a).  This

provision permits the district court to transfer a civil action to any other district where it might

have been brought "[f]or the convenience of the parties and witnesses, in the interest of

justice." 28 U.S.C. § 1404(a).[3]  Such provision also governs the court's decision whether to

give effect to the parties' forum-selection clause.  *See Stewart Org., Inc. v. Ricoh Corp.,* 487

U.S. 22, 32 (1988).  In the usual motion under section 1404(a), the burden is on the movant

"to establish that the suggested forum is more convenient."[4]  *In re Ricoh Corp.*, 870 F.2d 570,

573 (11th Cir. 1989).  However, in this circuit, deference is generally given to the forum

chosen by the plaintiff and much weight is given to a forum-selection clause in deciding

whether to transfer venue under section 1404(a).  *Id.* at 573.  Consequently, "[w]hen weighing

whether transfer is justified under section 1404(a), a choice of forum clause is 'a *significant*

factor that figures *centrally* in the District Court's calculus.'  Thus, while other factors might

'conceivably' militate against a transfer, the clear import of the court's opinion is that the

---

[3]Defendants cite to two statutes that govern such transfers, 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a).  Section 1404(a) applies to situations such as the instant one in which venue is proper in this, the transferor court, and transfer is sought on the grounds of convenience. Section 1406(a) controls actions in which venue in the transferor court is improper.  *Levitt v. Md. Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1492 (E.D.N.Y. 1986).

[4]The inquiry is a case specific one.  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'  A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors."  While the presence of a forum-selection clause is "a significant factor that figures centrally in the district court's calculus," the court is also called upon to address such issues as the convenience of the agreed upon forum, the fairness of the transfer in light of the forum-selection clause, and the parties' relative bargaining power.  *Stewart Org., Inc.*, 487 U.S. at 29.

In *Levitt,* the court suggests several factors which should be considered in deciding whether a movant has met its burden: (1) the convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining willing witnesses; (5) the relative ease of access of sources of proof; (6) where the events in issue took place; (7) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (8) the interests of justice in general.  *Levitt*, 643 F. Supp. at 1492-93.

5

venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *Id.* (quoting *Stewart Org., Inc.,* 487 U.S. at 28).  In any event, when the parties have entered into a contract containing an otherwise reasonable choice of forum provision, the burden of persuasion under § 1404(a) is altered and the movant must additionally establish that it would be unjust to honor the forum selection clause.  *Id.*

Thus, in this circuit, "forum-selection and choice-of-law clauses are 'presumptively valid where the underlying transaction is fundamentally international in character.'" *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1295 (11th Cir. 1998) (quoting *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1362 (2d Cir. 1993)).  This presumption appears equally applicable to diversity cases as well.  *See Stewart,* 487 U.S. at 33 ("Although our opinion in [*The Bremen* case] involved a Federal District Court sitting in admiralty, its reasoning applies with much force to federal courts sitting in diversity.") (Kennedy concurring).[5]  A party may overcome this presumption of validity, however, by a clear showing that the clauses are "unreasonable under the circumstances."  *Lipcon* at 1295-96 (citing *Roby*, 996 F.2d at 1363).  "Choice clauses will be found 'unreasonable under the circumstances,' and thus unenforceable only when: (1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the

---

[5]In *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972), the Supreme Court gave strong approval to the enforcement of such clauses in cases of international flavor stating that "in light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside."

plaintiff of a remedy; or (4) enforcement of such provisions would contravene strong public policy." *Id.* at 1296 (citations omitted).

Here, I am obliged to conclude that the pertinent factors related to convenience favor the Defendants. Plaintiff accuses Defendants of breach of contract, breach of fiduciary duty, tortious interference, and civil conspiracy in connection with their representation of Plaintiff in its negotiations with GFF. The bulk of the parties' witnesses and evidence supporting these allegations or the defense of the same appear to reside in and around California where most of the salient events took place. Defendants reside there as well, as does their primary counsel. Plaintiff's primary counsel is a resident of Pennsylvania. Defendants won the race to the courthouse and filed their claims against Sure Fill in state court of California slightly ahead of the suit filed in this court. There is no reason to believe that the California courts, state or federal, would not capably and expeditiously handle this dispute. Other factors being equal, matters of convenience and costs suggest that California would be the better location for the trial of this cause despite the Plaintiff's residence in this district and the fact that the underlying dispute was tried here. However, as set forth below, because I conclude that the forum-selection clause is binding on the Defendants and because they make no adequate showing that the clause is "unreasonable under the circumstances," I conclude that the forum-selection clause should be given controlling weight and the case kept in this district for trial.

Defendants raise an arguable point concerning the enforceability of the forum-selection clause against them since they were not parties to the underlying contract. However, on this issue, it appears appropriate under both the law and the facts to conclude that both PPG and Mr. Lowe are bound by the forum-selection clause in the agreement. In this regard,

the Eleventh Circuit has cited with approval the Ninth Circuit wherein that court noted, "a

range of transaction participants, parties and non-parties, should benefit from and be subject to

forum selection clauses." *See Lipcon*, 148 F.3d at 1299 (*quoting Manetti-Farrow, Inc. v.

Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1998)).  Further relying on the Seventh

Circuit, the *Lipcon* court stated, "[i]n order to bind a non-party to a forum selection clause, the

party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be

bound." *Lipcon*, 148 F.3d at 1299 (citing *Hugel v. Corp. of Lloyds*, 999 F.2d 206, 209 (7th

Cir. 1993)).  Thus, a non-party to a contract's forum-selection clause may be bound by the

provision where the non-party is a transaction participant whose conduct or interests are

closely related or whose interests are derivative of or directly related to those of the

contracting parties. *Id.*; *see also Thunder Marine, Inc. v. Brunswick Corp.*, No. 8:06-cv-384-

T17 EAJ, 2006 WL 1877093, at *6 (M.D. Fla. July 6, 2006) (finding both non-party

corporations subject to the forum-selection clause because their involvement and financial

interests were "closely related" to the transactions contracting relationship); *XR Co. v. Block

& Balestri, P.C.*, 44 F. Supp. 2d 1296, 1301 (S.D. Fla. 1999) (binding the non-party to the

forum-selection clause because their interests were directly related to and predicated upon

those of the contracting parties); *Gonzalez v. Watermark Realty Inc.*, No. 09-60265-CIV, 2010

WL 1299740, at *4 (S.D. Fla. Mar. 30, 2010) (participating agent's involvement was integral

to the transaction, and therefore foreseeable to bind her to the sales contract's forum-selection

clause even though she did not sign it).

Here, while the Defendants were not a party to the contract, the forum-selection

clause is appropriately enforced against them because they were transaction participants to the

contract and had interests that were closely related to, if not directly related to, the interests of the contracting parties, Sure Fill and GFF.  As the broker for Sure Fill, Defendants acted as the go-between with GFF both before and after the agreement was consummated.  After much negotiation, Mr. Lowe even signed the contract on behalf of his client Sure Fill.  Post-agreement they continued as intermediaries in the parties' disputes.  Beyond their active involvement in the transaction, the Defendants had a financial stake in the contract as they were to receive a commission on the sale of the machine and thus their financial interests were directly related to, and completely dependent upon, the interests of the contracting parties.  In my view, given their close relationship with the transacting parties, it was entirely foreseeable that Defendants would be bound by the terms of the underlying contract.[6]

 While consideration of convenience would appear to favor Defendants, there is no showing why the expressed preference of the parties should not be recognized and honored by this court.  Defendants make no claim of fraud in the inducement, no showing that they will be deprived of their day in court because of inconvenience if the case proceeds in this court, no showing of fundamental unfairness in the enforcement of either the forum-selection clause or the choice-of-law provision which requires the case be decided under Florida law, and no showing that trial in this district would contravene strong public policy.  As set forth above, upon the applicable standard, "a choice of forum clause rarely will be outweighed by other 1404(a) factors." *See Ricoh,* 870 F.2d at 573.  Here, Defendants primarily rely on the lack of

---

[6]The parties have proffered opposing submissions on the matter of the custom and practice between manufacturers, brokers, and buyers in the food packaging industry. *See* (Docs. 62, 63, and 70).  And, Defendants have filed a memorandum opposing such extrinsic evidence.  (Doc. 69).  I have given little weight to these submissions.

convenience to them in having to defend the case in this forum.  However, mere inconvenience is not enough.  As stated by the Court in *M/S Bremen,* "it is incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.  Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain."  *M/S Bremen*, 407 U.S. at 18.  Here, because Defendants fail to demonstrate that enforcement of the forum-selection clause is unjust or unreasonable under the circumstances, I conclude that it is entitled to controlling weight.

III.

Accordingly, it is recommended that **Plaintiff's Motion to Voluntarily Dismiss Defendant Justine Lowe** (Doc. 74) be **GRANTED**.  It is further recommended that **Defendant's Motion to Dismiss for Lack of Jurisdiction, or in the alternative, to Transfer to the U.S. District Court, Central District of California** (Doc. 20) be **DENIED.**[7]

**Recommended** in Tampa, Florida, this 8th day of October 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an

---

[7]As set forth above, the motion to dismiss as to Ms. Justine Lowe is well-taken, however, in light of Plaintiff's voluntary dismissal, that aspect of Defendants' motion is moot.

aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
Honorable Elizabeth A. Kovachevich, United States District Judge
Counsel of Record