UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURE FILL & SEAL, INC.,

    Plaintiff,

v.                                      Case No. 8:10-cv-316-T17-TBM

THE PLATINUM PACKAGING
GROUP, INC., a California
nongovernmental corporation,
NICHOLAS PETER LOWE and
JUSTINE LOWE, individually and
as officers and principals of The
Platinum Packaging Group, Inc.,

    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on Defendants' Motion for Summary Judgment (Doc. 109) and Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. 113). For the reasons set forth below, the Defendants' Motion for Summary Judgment is **GRANTED**.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, Sure Fill & Seal ("Sure Fill"), formed a business relationship in 2005 and entered into an agreement with Defendants, Platinum Packaging Group, Inc. and Lowe ("Platinum"), for Platinum to act as Sure Fill's agent in the sale of a large piece of machinery by Sure Fill to GFF, Inc., a company not a party to this lawsuit. After the machine was delivered and installed, issues and disagreements arose between Sure Fill and GFF. GFF alleged that the machine did not work properly, and refused to make the final payment on the machine. Sure Fill then sued GFF for breach of contract, and that lawsuit was eventually resolved, and the

1

settlement agreement enforced. *See Sure Fill & Seal, Inc. v. GFF, Inc.*, 2011 WL 1296630 (M.D. Fla. Mar. 31, 2011). Problems also arose between Sure Fill and Platinum, with Platinum seeking it commission for the sale of the machine, and Sure Fill alleging misconduct by Platinum; thus, the relationship between Sure Fill and Platinum deteriorated, and litigation ensued. (Doc. 1).

Sure Fill filed this action on January 28, 2010, suing Platinum for breach of contract, breach of fiduciary duty, negligence, civil conspiracy, and tortious interference with a contractual relationship. (Doc. 1) Sure Fill filed its complaint six days *after* Platinum had filed its own lawsuit in a California state court, seeking to recover the commission it was allegedly owed by Sure Fill for the sale of Sure Fill's machine to GFF. On March 23, 2010, Sure Fill answered the California complaint, and also filed a cross-complaint, making the same allegations contained in its complaint in the instant action. Both Sure Fill and Platinum engaged in discovery and continued to litigate all the issues in the California case, until Sure Fill voluntarily dismissed its cross-complaint on April 5, 2011, prior to the bench trial that occurred in June 2011. That trial resulted in a judgment for Platinum. The California judge found that Platinum was entitled to its commission, and, thus, found that Platinum had not breached its fiduciary duty to Sure Fill as Sure Fill's agent.

## II. STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant's burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. It then becomes the nonmovant's burden to establish that there is a genuine issue of facts material to its case. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). When considering a motion for summary judgment, the district court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Therefore, after considering the record, summary judgment must be granted when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

### III. DISCUSSION

In its Motion for Summary Judgment (Doc. 109), Platinum argues that there are no disputed material facts and Platinum is entitled to judgment as a matter of law. First, Platinum argues that because Sure Fill voluntarily dismissed its compulsory cross-complaint in the California action, it is precluded from bringing the instant action in this Court. Second, Platinum argues that Sure Fill is attempting to re-litigate the same issues that arose in both the previous action, *Sure Fill & Seal, Inc. v. GFF, Inc.*, 2011 WL 1296630 (M.D. Fla. Mar. 31, 2011), and in the California action, and, therefore, this action should be barred by collateral estoppel or issue preclusion.

Because Platinum and Sure Fill litigated the previous action in California state court under California law, this Court looks to California law to determine whether Sure Fill waived its right to bring the instant action by dismissing its counterclaim in the California state court. California law provides that "if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." Cal. Code Civ. P. § 426.30 (2012). Such statutes are designed to prevent piecemeal litigation, and as the California Supreme Court has explained, because "the law abhors a multiplicity of actions . . . the obvious intent of the Legislature . . . was to provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction" *Align Tech., Inc. v. Tran*, 179 Cal. App. 4th 949, 959 (2009) (quoting *Flickinger v. Swedlow Engineering Co.*, 45 Cal. 2d 388, 393 (1955)).

Additionally, courts have determined that Section 426.30, "in furtherance of this intent of avoiding a multiplicity of actions . . . must be liberally construed to effectuate its purpose." *Align Tech.*, 179 Cal. App. 4th at 959 (citing various California appellate cases). Thus, when a lawsuit is filed, and the defendant has a related cause of action to bring, that defendant must file a cross-claim; in other words, it is a compulsory cross-complaint. If the defendant does not file such a cross-claim, the defendant has waived the right to bring that claim in any other action.

Here, Sure Fill, which was the defendant in the California action, did file a cross-complaint with its answer in that action, pursued the claims in that cross-complaint, and then chose to have the cross-complaint dismissed, only two months before the trial in California, and after all discovery had been completed. First, the cross-complaint was compulsory, as it was

related to the same cause of action that Platinum brought: Platinum's right to recover its commission for the sale of Sure Fill's machine to GFF. Sure Fill, in its original cross-complaint and in its complaint in the instant action, alleges causes of action that all arise from and directly relate to Sure Fill and Platinum's dealings surrounding the sale of the machine. Obviously, Sure Fill recognized this fact when it originally filed the cross-complaint as part of the California action; to claim now that it is unrelated would be illogical and incorrect. Second, Sure Fill's choice to dismiss its cross-complaint essentially amounts to a failure to file the compulsory cross-complaint, and an attempt to bring a separate and conflicting claim, in another court, that should have been brought in the California action. This runs counter to courts' attempts to resolve all related claims in a single lawsuit, and creates the very problem that both the legislature and the courts wish to avoid: unnecessary multiplicitous lawsuits and a waste of judicial resources.

Therefore, because Sure Fill voluntarily dismissed its compulsory cross-complaint, it has waived its right to bring the same causes of action in another lawsuit, and is, therefore, barred from pursuing the instant action.

Sure Fill attempts to argue that the forum-selection clause in the contract between Sure Fill and GFF, signed by Platinum in the capacity of Sure Fill's agent, requires this Court to deny summary judgment and hear the case. While this Court did rule that the forum-selection applies to this litigation insofar as it gives the Court personal jurisdiction over Platinum, nowhere does this Court *require* that the case be heard in the Middle District of Florida if the parties choose to litigate in another appropriate forum. Because of the existence of the forum-selection clause, Sure Fill could have attempted to obtain a stay in the California action in order to litigate in the Middle District of Florida, but Sure Fill did not obtain any such stay, and the case proceeded.

The Court is aware that Sure Fill's previous attorney, in California, apparently made two ex parte motions for a stay of the California action, both of which were denied. The judge in that case, however, informed the attorney that if the motion were filed as a noticed motion, then it would be reconsidered and possibly granted. The attorney never followed up, nor made any other attempts to stay the California action, and the parties continued to engage in discovery.

Because of Sure Fill's failure to obtain a stay, it has waived its right to bring the same causes of action in a subsequent proceeding, and is, therefore, barred from invoking the forum-selection clause and bringing this action in this Court. As Sure Fill is barred from pursuing the instant action because of its failure to file a compulsory cross-complaint, this Court need not reach the questions of collateral estoppel and issue preclusion. Accordingly, it is

**ORDERED** that the motion for summary judgment (Doc. 109) be **GRANTED**, and the Clerk of Court is directed to enter judgment for the Defendant and against the Plaintiff, and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of February, 2012.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.